## Kohl *against* Harting.

In the distribution of a fund made by a sheriff's sale, and brought into court, the court will, as between equitable claimants, be governed by principles of equity.

ERROR to the common pleas of *Berks* county.

Christian Harting against Simon Kohl.   Issue directed by the court of common pleas to ascertain what part of the money, if any, Christian Harting is entitled to, arising from the sheriff's sale of the real estate sold as the property of David Kohl, upon a judgment and execution at the suit of Frederick Moyer, administrator of Andrew Greiner, deceased.

Rebecca Kohl was the owner of the land in regard to which this controversy first arose.   In her will she authorised the defendant to sell the land, but not for less than 800 dollars.   This will was proved on the 30th of August 1832.   The defendant sold the land to the plaintiff for 811 dollars on the 17th of November 1832.   The sum of 100 dollars was to stand as a charge on the land, to pay a sum of money due on a mortgage on said land, held by one Moyer. The balance of the purchase-money was to be paid on the 1st of April 1833, when a title free and clear of all incumbrances was to be made, and possession of the land delivered.

January 17, 1833, the plaintiff paid the defendant 175 dollars on said purchase, and took possession of the land.

It appeared that, at the date of the contract, there was more than 100 dollars due on the Moyer mortgage; the precise amount has not been shown, but it must have been near 170 dollars.

There was in evidence the record of an action of ejectment instituted by Simon Kohl, executor of Margaret Kohl, deceased, against Christian Harting, to August term 1833, No. 69, for said land. October 16, 1833, report filed, finding for the plaintiff the lands and tenements in dispute—the verdict to be released or vacated on the defendant paying the prothonotary the sum of 482 dollars 44 cents on or before the first day of November next, when the plaintiff is to deliver to the prothonotary a deed for the premises in dispute, for the defendant; subject to the payment of 100 dollars, together with lawful interest from the first day of April, A. D. 1822, to the heirs of Andrew Greiner, deceased. August 14, 1834, a jury called; same day discharged, and after hearing, plaintiff suffered a nonsuit.

To November term 1834, a *scire facias* was issued on said mortgage against David Kohl, with notice to the plaintiff as terre-tenant, March 9, 1836, judgment *de terris* 183 dollars 66 cents. *Levari facias* was issued on this judgment to April term 1836, and the land was sold to John Troxell for 700 dollars. This money was paid into court. There remained in court for distribution, after the payment of the mortgage debt and costs, 473 dollars 38 cents.

The plaintiff claimed the right to take out of court the 175 dollars which he paid the defendant on his purchase. The defendant claimed the right to take it all out. To decide which has the right, this issue was formed.

It was testified by one witness, that when the land was advertised for sale on the *levari facias*, the plaintiff called on the defendant and said to him, " How is this? my land is about to be sold. I now tell you that I will hold to my contract." To this defendant replied that he knew the land was to be sold, and that the defendant had a right to stick to his bargain.

John Troxell testified that he bought the land at sheriff's sale, for Simon Kohl, the defendant. It also appeared that immediately after the sheriff's sale, the plaintiff quit the possession of the land, and the defendant took possession of the same. It does not appear that the plaintiff ever heard that Troxell had bought the land for the defendant until it was discovered on the trial.

The mortgage was a charge on the land for a debt beyond that which was agreed by the parties should remain a charge thereon, in the hands of the plaintiff—this excess the defendant did not pay on the mortgage, nor offer to pay. The defendant never offered a title to the plaintiff, neither before nor since the sheriff's sale. The counsel of the defendant on the trial declined saying whether the defendant held the lands subject to the contract or not. The question was asked, and he declined answering whether he was willing to convey according to the contract or not.

[Kohl v. Harting.]

*Banks,* president, instructed the jury that the plaintiff was entitled to recover.   Verdict for one hundred dollars.

*Deckert,* for plaintiff in error.
*Smith,* for defendant in error.

PER CURIAM.—This case is unprecedented in its circumstances; but the plaintiff has a clear equity, and the question regards the specific nature of his relief.   The defendant has become the owner of the land in his own right; but though liable to perform the contract himself, he cannot force the plaintiff to take a title through him, which is not the one for which he bargained.   Besides, he refuses to say whether he will convey even on those terms; and the plaintiff, for one of these reasons, or for both, chooses, as he may, to declare the contract at an end.   In these circumstances, what would a chancellor do with the fund?   By payment of purchase-money, a vendee gets a lien on the legal title of the vendor; and by a judicial sale of it, the price is substituted for the land, on the common principle of the Bank of Pennsylvania *v.* Winger, 1 *Rawle* 302.   The prior lien of the mortgage being out of the way, then, we see nothing to hinder the plaintiff from taking satisfaction in his turn.

Judgment affirmed.